**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDRE BEETGE,

               Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

               Respondent.

No.   15-70055

Agency No. A089-996-827

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2017[**]
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and SMITH,[***] Chief District
Judge.

      Petitioner Andre Beetge (Beetge), a native and citizen of South Africa,

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable William E. Smith, Chief United States District Judge
for the District of Rhode Island, sitting by designation.

petitions for review of a final order of removal. Beetge asserts that the Board of Immigration Appeals (BIA) erred by denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Substantial evidence supports the BIA's denial of relief. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Beetge alleges that he suffered past persecution because he, a white male, had served in the South African military during apartheid. However, Beetge failed to establish the South African government's inability or unwillingness to control his alleged persecutors. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc).

Beetge directs this Court to three instances of violence. After a group of men attacked Beetge outside of a nightclub in 1991, police took his report of the incident; however, Beetge could not identify his attackers and the men were not located. In 2002, Beetge's brother was assaulted during a robbery at Beetge's home. Beetge filed a report and police dispatched helicopters to search for the intruders; yet, when police apprehended potential suspects, Beetge's brother declined to identify them. Rather than establishing the South African government's inability to control racially motivated violence, this evidence demonstrates law enforcement's responsiveness to the incidents. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (where police "dutifully made reports after each incident

2

and indicated that they would investigate," this Court, without more, declined to "infer government complicity or indifference from the mere fact that . . . police were unable to locate the [petitioners'] unknown assailants"); *see also Singh v. I.N.S.*, 134 F.3d 962, 968 (9th Cir. 1998) ("[T]he police in the case at bar responded to Petitioner's location when she called them, but they took no further action. As the immigration judge noted, this could have been due to a lack of suspects, few leads, etc. . . .") (footnote reference omitted). Finally, although Beetge testified to the violent killing of his friend in South Africa in 2003, Beetge conceded that he did not know whether the attack had any connection to him. The record does not compel a conclusion contrary to the BIA's determination that Beetge failed to demonstrate past persecution. *See Yali Wang*, 861 F.3d at 1007.

Because Beetge did not establish past persecution, he is not entitled to a regulatory presumption of a fear of future persecution. *See* 8 C.F.R. § 1208.13(b). Beetge nevertheless asserts that he fears retaliatory persecution by current members of the South African government. Although Beetge's credible testimony established his subjectively genuine fear of future persecution, Beetge failed to demonstrate an objectively reasonable fear of future persecution. *See Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013).

3

Beetge's documentary evidence, while acknowledging racial tension in South Africa, attested to the coordinated efforts of the South African government in response to incidents of crime. Beetge himself twice returned to South Africa in 2006, without incident. Beetge's brother, who also served in the military, has resided in South Africa since 2010 without incident. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009), *as amended* ("[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are *not* harmed.") (citation and internal quotation marks omitted) (emphasis in the original). Thus, Beetge's subjective fear of retaliation remains "too speculative" to support the objective component of fear of future persecution. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (citations omitted).

Because Beetge failed to demonstrate eligibility for asylum, he necessarily failed to meet the more stringent burden of demonstrating entitlement to withholding of removal. *See Yali Wang*, 861 F.3d at 1009. Finally, substantial evidence supports the BIA's determination that Beetge failed to show that it is more likely than not that he would be tortured if removed to South Africa, such that the BIA properly denied CAT relief. *See* 8 C.F.R. § 208.16(c).

**PETITION DENIED.**